IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JODY MUMMELTHIE, | ) |
| Plaintiff, | ) Case No.: 4:20-cv-00255 |
| v. | ) |
| WALMART, INC., | ) |
| Defendant. | ) JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

COMES NOW Defendant Walmart, Inc., with full reservation of all defenses, objections and denials, including but not limited to service, jurisdiction, venue, and statute of limitations, and hereby removes the above-captioned matter from the Circuit Court of Jackson County, Missouri, to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, Defendant states the following:

### I. PROCEDURAL REQUIREMENTS

1. Plaintiff Jody Mummelthie filed the instant lawsuit against Defendant Walmart, Inc., in the Circuit Court of Jackson County, Missouri, Case No. 2016-CV03801, on January 31, 2020.

2. Defendant was served with the Petition for Damages on March 13, 2020. Defendant has not yet answered Plaintiff's Petition.

3. As required by 28 U.S.C. § 1446(a), a copy of all records and proceedings from the Circuit Court of Jackson County, Missouri, are attached hereto as Exhibit A.

4. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a) as it is the United States District Court embracing the District Court of Jackson County, Missouri, where Plaintiff's Petition is currently pending. *See* 28 U.S.C. § 96.

5. Without waiving any objection to service, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because the same has been filed within thirty (30) days of service on Defendant.

6. Pursuant to 28 U.S.C. § 1446(d), Defendant will file written notice of this removal with the Clerk of the Circuit Court of Jackson County, Missouri, where Plaintiff's Petition is currently pending. A copy of the notice is attached hereto as Exhibit B. A copy of this Notice of Removal and the written notice of the Notice of Filing Notice of Removal have been served upon Plaintiff.

## II. DIVERSITY OF CITIZENSHIP

7. Upon information and belief, Plaintiff is a citizen of Missouri. *See* Exhibit A, Plaintiff's Petition, ¶ 1.

8. Defendant Walmart, Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Thus, this Defendant is a citizen of Delaware and Arkansas.[1]

9. As Plaintiff is a citizen of Missouri and Defendant is a citizen of Delaware and Arkansas, diversity of citizenship exists.

## III. AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

10. Plaintiff has alleged she has suffered "injuries to her left shoulder, left leg and low back, as well as medical expenses in excess of $34,741.75, lost wages, disabilities, pain, suffering, and mental anguish." *See* Exhibit A, Plaintiff's Petition, ¶ 6. Further, Plaintiff is seeking recovery of such damages in the past and in the future. *See* Exhibit A, Plaintiff's Petition, ¶ 6.

11. Where a plaintiff alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party "must prove by a preponderance of the evidence that

---

[1] Walmart, Inc. is improperly named as Defendant in this matter.

2

the amount in controversy exceeds $75,000." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 786 (8th Cir. 2009). To satisfy the preponderance of the evidence standard, the party seeking removal must offer "some specific facts or evidence demonstrating that the jurisdictional amount has been met." *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004). Such facts can include "plaintiff's representations," or an "extensive list of serious and disabling injuries." *Miller v. CEVA Logistics*, 2008 U.S. Dist. LEXIS 2116 (W.D. Mo. 2008).

14. Here, Plaintiff has alleged she has suffered medical expenses in excess of $35,741.75, in addition to lost wages, disabilities, pain, suffering, and mental anguish, and that she will continue to suffer such damages into the future.

15. Although Defendant denies liability, based upon Plaintiff's allegations in the Petition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C. §1332(a).

WHEREFORE, based on the above and foregoing, Defendant Walmart, Inc., removes this action from the Circuit Court of Jackson County, Missouri, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

*/s/ Tracy M. Hayes*
Bradley S. Russell        MO #39392
Tracy M. Hayes         MO #58555
SANDERS WARREN RUSSELL & SCHEER LLP
40 Corporate Woods
9401 Indian Creek Parkway, Suite 1250
Overland Park, KS 66210
Phone: 913-234-6100
Fax: 913-234-6199
b.russell@swrsllp.com
t.hayes@swrsllp.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 31st day of March, 2020, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

John G. O'Connor
ROBB, TAYLOR, & O'CONNOR
827 Armstrong Avenue
Kansas City, KS 66101
Phone: 913-321-9000
Fax: 913-321-0199
**ATTORNEY FOR PLAINTIFF**

                                          */s/ Tracy M. Hayes*
                                          Attorney